## DELAY AND FAULTY EXECUTION ON THE PART OF A BUILDING CONTRACTOR.

Circuit Court of Summit County.

F. E. SMITH & SON v. JOHN F. HEMINGTON ET AL.

Decided, April 12, 1912.

*Building Contract—Breach of—Damages for Inconvenience.*

Where the natural and direct result of the failure of the party to a building contract, who has undertaken to erect a building for another, to perform his contract, is to cause the latter to suffer inconvenience in the use and occupancy of such building, or where such result must have been contemplated by the parties to the contract as a probable consequence of its breach, compensation for such inconvenience may be awarded.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The order of the parties to this proceeding in error is the same as in the court of common pleas.   The action below was brought to recover the balance claimed to be due the plaintiffs from the defendant, John F. Hemington, under a certain contract, and

modifications thereof and additions thereto, for the construction of two dwelling-houses, and to foreclose a mechanic's lien. The amount for which personal judgment was sought against said defendant was $199, with interest from October 10, 1910.

The defendant, John F. Hemington, filed a counter-claim in the action, based upon the alleged failure of the plaintiffs to construct the houses in the manner specified in the contract, and charging the use of defective material, and the doing of faulty work in numerous particulars in the construction of said houses. The amount of the counter-claim asserted was $400, $200 for each of the houses.

The jury returned a verdict for said defendant in the sum of $201, from which the court of common pleas ordered $13.35 remitted. Said defendant having remitted this amount, the plaintiff's motion for a new trial was overruled, and judgment entered against the plaintiffs in said defendant's behalf for $187.65.

The plaintiffs in error seek a reversal of this judgment on two grounds:

1. That the court erred in charging the jury; and

2. That the damages are excessive.

The trial court, after instructing the jury that in estimating the damage to said defendant by reason of the failure of the plaintiffs to build the houses in accordance with the agreement between the parties they had a right to take into consideration how much it was fairly and reasonably worth to place the houses in the condition they would have been in had the contract been kept, used this language:

"You have a right also to take into consideration the inconvenience to the defendants, if any there would be, because of the failure of the plaintiffs to build according to their contract."

It is contended on behalf of the plaintiffs in error that there was no evidence offered on the subject of any inconvenience arising out of the failure to construct the houses according to agreement, and that it was, therefore, error to instruct the jury that they might consider such inconvenience in assessing the damages.

There was, however, evidence showing the condition of the houses, and the work necessary to be done to correct the defective workmanship employed on the houses, and to remedy conditions due to inferior material used in their construction. It would follow as a matter of necessity from this evidence, that inconvenience would result. No evidence was offered, it is true, as to the value of such inconvenience. It is doubtful if such evidence would be competent. The jury were as capable of determining the amount to be allowed for inconvenience, when the facts were before them, as any witness would.

We think the court committed no error in giving that portion of the charge above quoted, and that it is consistent with the principle laid down in *Goldsmith* v. *Hand,* 26 O. S., 99, where the measure of recovery under a building contract, which had been substantially but not strictly complied with, was under discussion. In the opinion, on page 106 it is said:

"We think that where parties have dealt with each other as these parties respectively had in reference to the contract and the mode of its performance, and the owner of the lot has chosen to go into occupancy and use of the building erected upon it, thereby appropriating to himself the fruits of the contract, he ought to, on the plainest principles of justice, pay for them as the contract price, less such sums for delay, defective work or inferior materials, etc., as the owner is in equity entitled to have deducted."

It will be noticed that the court in that case did not attempt to enumerate all of the items of damage which might properly be taken into account in determining the amount to be set off against the contract price, but merely indicated the general character of such items.

Where the natural and direct result of the failure of the party to a building contract, who has undertaken to erect a building or buildings for another to perform his contract, is to cause the latter to suffer inconvenience in the use and occupancy thereof, or where such a result must have been contemplated by the parties to the contract as a probable consequence of its breach, we think that compensation for such inconvenience may be awarded.

The law of damages for breach of contract is practically founded on the case of *Hadley* v. *Baxendale*, 9 Ex. Rep., 341. It was held there:

"Where two parties have made a contract which one of them has broken, the damages which the other ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties as the probable result of the breach of it."

The instruction given by the trial court was, in our opinion, within the spirit of this well recognized principle.

The other contention of the plaintiffs in error, that the damages awarded the defendant, John F. Hemington, are excessive, is based upon the assumption that the jury could consider only the cost of placing the houses in question in the condition they would have been in had the plaintiffs performed their contract strictly according to its terms, and that the evidence does not show such cost to have been as great as the amount of damages allowed by the jury. We have, however, indicated our approval of that portion of the charge which authorized the jury to consider also, as an element of damage, the inconvenience suffered by said defendant by reason of the condition of the houses.

In view of the estimates given by various witnesses of the cost of placing the houses in condition to conform to the requirements of the contract, and in view, also, of the fact that something might properly be allowed for said defendants' inconvenience in accordance with the instruction of the court, we are unable to say that the verdict was excessive.

The judgment of the court of common pleas is affirmed.